Perez v Live Nation Worldwide, Inc. (2021 NY Slip Op 02259)





Perez v Live Nation Worldwide, Inc.


2021 NY Slip Op 02259


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, JJ. 


Index No. 158373/13 Appeal No. 13579 Case No. 2020-03237 

[*1]Mark Perez, Plaintiff-Respondent,
v
Live Nation Worldwide, Inc., Defendant-Appellant, New York State Association for Affordable Housing, New York State Conference of Mayors and Municipal Officials, Business Council of New York State, Lawsuit Reform Alliance of New York, Building Trades Employers Association, Associated General Contractors of New York State, General Contractors Association of New York, Inc., Women Builders Council, Trucking Association of New York, New York Insurance Association, Inc., MLMIC Insurance Company, NFIB Small Business Legal Center, American Trucking Associations, Inc., Coalition for Litigation Justice, Inc., American Property Casualty, Insurance Association, and National Association of Mutual Insurance Companies, Amici Curiae, the Brain Injury Association of New York state, the Brain Injury Alliance of New Jersey, and the Brain Injury Alliance of Connecticut, Amici Curiae, Turner Construction Company, Skanska USA Building Inc., Gilbane Building Company, Tishman Construction Corporation and the Associated General Contractors of New York State, Amici Curiae, New York City Transit Authority, Amicus Curiae, The Defense Association of New York, Inc., Amicus Curiae, The City of New York and New York City Housing Authority, Amici Curiae.


Shaub Ahmuty Citrin & Spratt, LLP, Lake Success (Timothy R. Capowski, John F. Watkins and Christopher Theobalt of counsel), for appellant.
Morelli Law Firm PLLC, New York (Benedict P. Morelli and Sara A. Mahoney of counsel), and Morrison Cohen LLP, New York (David B. Saxe of counsel), for respondent.
Malaby & Bradley, LLC, New York (Robert C. Malaby and Maryellen Connor, and Mark A. Behrens and Cary Silverman of the bar of the District of Columbia, admitted pro hac vice, of counsel), for New York State Association for Affordable Housing, New York State Conference of Mayors and Municipal Officials, Business Council of New York State, Lawsuit Reform Alliance of New York, Building Trades Employers Association, Associated General Contractors of New York State, General Contractors Association of New York. Inc., Women Builders Council, Trucking Association of New York, New York Insurance Association, Inc., MLMIC Insurance Company, NFIB Small Business Legal Center, American Trucking Associations, Inc., Coalition for Litigation Justice, Inc., American Property Casualty Insurance Association, and National Association of Mutual Insurance Companies, amici curiae.
Segal Law Firm, P.C., New York (Matthew Segal, Eileen Reardon, Steven Benvenisti and Bonnie Meyers of counsel), for The Brain Injury Association of New York State, The Brain Injury Alliance of New Jersey, and The Brain Injury Alliance of Connecticut, amici curiae.
Cullen & Dykman LLP, New York (Adrienne Yaron, Olivia M. Gross, John E. Sparling, Christopher E. Ruggiero and Michael E. Joseph of counsel), for Turner Construction Company, Skanska USA Building Inc., Gilbane Building Company, Tishman Construction Corporation and The Associated General Contractors of New York State, amici curiae.
Lawrence Heisler, Brooklyn, for New York City Transit Authority, amicus curiae.
McGaw, Alventosa & Zajac, Jericho (Andrew Zajac of counsel), and Teresa A. Klaum, President, for The Defense Association of New York, Inc., amicus curiae.
James E. Johnson, Corporation Counsel, New York (Devin Slack and Richard Dearing of counsel), for The City of New York and Lisa Bova-Hiatt, General Counsel, New York, for New York City Housing Authority, amici curiae.



Order, Supreme Court, New York County (John J. Kelley, J.), entered July 27, 2020, which, insofar as appealed from as limited by the briefs, granted defendant's motion to set aside the verdict awarding plaintiff $10,500,000 for past pain and suffering, $75,250,000 over 43 years for future pain and suffering, $5,154,038 over 43 years for future lost wages, and $10,732,661 for future medical, rehabilitation, and custodial care expenses to the extent of directing a new trial on future pain and suffering and future lost wages unless plaintiff agreed to a reduction in the award for future pain and suffering from $75,250,000 to $30,100,000 and a reduction in the award for future lost wages from $5,154,038 over 43 years to $1,920,000 over 24 years, unanimously modified, on the facts, to vacate the awards for past and future pain and suffering and to direct a new trial on those damages unless, within 30 days of entry of this order, plaintiff stipulates to reduce the award for past and future pain and suffering from $40.6 million to $5,000,000 for past pain and suffering and $15,000,000 for future pain and suffering, and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.
The awards for future lost wages (as reduced by the trial court) and for future medical, rehabilitation, and custodial care expenses are amply supported by the evidence. However, the award for past and future pain and suffering deviates materially from what would be reasonable compensation to the extent indicated (see CPLR 5501[c]). Plaintiff presented proof that he suffered a severe traumatic brain injury that resulted in encephalomalacia, cerebral atrophy, traumatic epilepsy, chronic pain and headaches, significant cognitive deficits in attention, processing speed, memory, visual perception, intellectual function, and executive functions, depression, anxiety, symptoms of post-traumatic stress, and increased risk of neurological disease, all of which are permanent in nature. However, the jury's award of $85.75 million, reduced to $40.6 million by the trial court, is significantly higher than the awards in any of the cases cited, including those involving similarly devastating injuries (see e.g. Hedges v Planned Sec. Serv. Inc., 198 AD3d 485, 488 [1st Dept 2021]).
Defendant's challenges to statements made in plaintiff's counsel's summation are largely unpreserved. They are at any rate unavailing insofar as these statements did not "create a climate of hostility that so obscured the issues as to have made the trial unfair" (see Gregware v City of New York, 132 AD3d 51, 61 [1st Dept 2015] [internal quotation marks omitted]).
We decline the invitation of defendant and amici to announce a new rule prohibiting the practice of anchoring (see Hedges, 198 AD3d at 489).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021